TRANSFER FEES — EXEMPTED SCHOOL DISTRICTS Pursuant to Paragraph B of Section 8-110, House Bill No. 1155, Thirty-third Legislature, First Session, those school districts exempt from the obligation to pay transfer fees in whole or in part, under the provisions of 70 O.S. 8-11 [70-8-11] (1970), shall continue to be exempt. The Attorney General has considered your opinion request wherein you set out the following: "Article VIII, Section 8-110, Paragraph B, of Enrolled House Bill 1155, First Session of the Thirty-third Legislature, reads as follows: `All school districts exempted from the obligation to pay transfer fees under the provisions of Oklahoma Statutes in 1970-71 shall continue to be exempt.' "In 1970-71, school districts were required to pay transfer fees based upon the amount of their Minimum Program Income exceeded their Minimum Program. Thus, many districts did not pay the full per capita cost of transfers but paid a pro rata portion based upon the revenue available. Example: Receiving district per capita cost is $700.00. The district received eight transfers from a district that had $2,000.00. Available per capita payment was $250.00. "Under the above Paragraph B, are those districts that were not obligated to pay the full per capita cost of transfer fees in 1970-71 exempt from the full cost in 1971-72?" Paragraph (b) of Section 120 of the 1970 School Code (70 O.S. 8-11 [70-8-11] (1970), provided as follows: "(b) No school district maintaining a school or schools within the district shall be required to appropriate for transfer fees a greater amount than the amount by which the Minimum Program Income, as defined by the State Aid law in 1963-64, exceeds the Minimum Program so defined in 1963-64 and in no case an amount greater than the total per capita cost as defined hereinbefore." Paragraph (c), supra, provides as follows: "After having determined the amount of money which a district must appropriate as transfer fees, the remainder of the transfer fees, if any, shall be paid from State funds appropriated for such purpose, in the manner and subject to the limitations provided by law. Provided, that State funds paid to a district as transfer fees in any year shall not exceed, in the aggregate, the difference between: (1) the total amount per capita for current expenditures from the General Fund of the district to which the pupils are transferred and (2) the total amount appropriated or that should have been appropriated for transfer fees by the district from which the pupils are transferred, in accordance with an attendance report filed with the State Board of Education, after deducting the amount of State Aid allowed for such school district for attendance of transferred pupils." The words in any statute, in common use, are to be taken in their plain, obvious and ordinary signification in accordance with their ordinary meaning, Carter v. Phillips, 88 Okl. 202,212 P. 747 (1923). The ordinary meaning of Paragraph B of Section 8-110, supra, appears to exempt from the obligation to pay transfer fees those school districts that were exempt under the provisions of Paragraphs (b) and (c) of Section 120 of the 1970 School Code, it being important to note that Paragraphs (b) and (c) of the 1970 School Code were excluded from the 1971 School Code, paragraph B being substituted thereto. Therefore, logically, any school district exempted from the obligation to pay transfer fees, in whole or in part, under the provisions of 70 O.S. 8-11 [70-8-11] (1970) shall thereby continue to be exempt. It is, therefore, the opinion of the Attorney General that your questions be answered in the affirmative. Pursuant to Paragraph B of Section 8-110, House Bill No. 1155, Thirty-third Legislature, First Session, those school districts exempt from the obligation to pay transfer fees in whole or in part, under the provisions of 70 O.S. 8-11 [70-8-11] (1970) shall continue to be exempt. (Larry L. French) ** See: Opinion No. 71-287 (1971) **